IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40364
Summary Calendar
_____

DOUGLAS E. MITCHELL,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, Director,
Texas Department of Criminal
Justice, Institutional Division,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CV-771
- - - - - - - - - -
August 9, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

    Douglas Mitchell, # 504784, appeals the district court's
denial of his motion for preliminary injunction.  Mitchell alleges
that Wayne Scott was deliberatly indifferent to his medical needs
by failing to independently review his medical treatment after
Mitchell alerted Scott to impropriety.  If Mitchell's argument is
construed as an argument alleging vicarious liability, the district
court's denial of injunctive relief was not an abuse of discretion

_____

    [1] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

because a defendant cannot be held liable under § 1983 on a theory of vicarious liability, including respondeat superior. See Baskin v. Parker, 602 F.2d 1205, 1207-08 (5th Cir. 1979). If Mitchell's argument is interpreted as a contention that Scott was personally deliberately indifferent to his medical needs, it also fails because Mitchell fails to allege more than mere negligence on Scott's part. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Mitchell fails to show that Scott's actions were deliberately indifferent, constituting wanton infliction of pain, or that he suffered from a "serious medical need." See Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994); Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994). Thus, the district court did not abuse its discretion by denying Mitchell's preliminary injunction because Mitchell failed to show a substantial liklihood of success on the merits. See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).

Mitchell's argument that the district court was absolutely barred from deciding his motion for preliminary injunction because it did not provide notice under Fed. R. Civ. P. 6(b) and 65(a) is also without merit. The rules protect the adverse party and do not absolutely bar such decision.

AFFIRMED.